**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, <br><br> Petitioner, <br><br> v. <br><br> FEDERAL ENERGY REGULATORY COMMISSION, <br><br> Respondent, <br><br> EAGLE CREST ENERGY COMPANY, <br><br> Respondent-Intervenor. | No. 19-72915 <br><br> FERC No. 13123-002 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Federal Energy Regulatory Commission

| | |
|---|---|
| In re: NATIONAL PARKS CONSERVATION ASSOCIATION, <br> ———————————————— <br> NATIONAL PARKS CONSERVATION ASSOCIATION, <br><br> Petitioner, <br><br> v. | No. 19-73079 |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

FEDERAL ENERGY REGULATORY COMMISSION,

Respondent,

EAGLE CREST ENERGY COMPANY,

Respondent-Intervenor.

Petition for Writ of Mandamus

Argued and Submitted October 13, 2020
San Francisco, California

Before: McKEOWN and NGUYEN, Circuit Judges, and WHALEY,[**] District Judge.

National Parks Conservation Association (the "Association") petitions for review of orders of the Federal Energy Regulatory Commission (the "Commission") denying the Association's motion to intervene in proceedings to extend the deadlines to commence and complete construction in Eagle Crest Energy Company's ("Eagle Crest") license for the Eagle Mountain Pumped Storage Hydroelectric Project and concluding that the Commission did not violate the Federal Power Act ("FPA") in failing to provide public notice of the extension-of-time proceedings. The Association also petitions for a writ of mandamus

[**] The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

pursuant to the All Writs Act. 28 U.S.C. § 1651. We have jurisdiction under 16 U.S.C. § 825*l*(b) (denial of intervention and failure to provide notice) and 28 U.S.C. § 1651 (mandamus relief), and we deny the petitions.[1]

We conclude the Association has Article III standing. The constitutional requirement for standing commands a petitioner to show that it has (1) suffered a concrete and particularized, actual or imminent injury in fact, "(2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The Association's injuries are fairly traceable to the 2019 orders on review and, more specifically, to the Commission's denial of intervention as determined in those orders. *See Citizens for Better Forestry v. USDA*, 341 F.3d 961, 975 (9th Cir. 2003) (explaining that traceability "is only implicated where the concern is that an injury caused by a third party is too tenuously connected to the acts of the defendant"). It does not matter that any injuries may also be traced to the original 2014 licensing order. *Wash. Env't Council v. Bellon*, 732 F.3d 1131, 1142 (9th Cir. 2013) (holding that standing does not require a defendant's action to be the "sole source" of the injury).

---

[1] We address the merits of the Association's challenges to the Commission's denial of its motion to intervene and failure to provide notice in a concurrently filed opinion.

3

The Association's claims are also sufficiently distinct from the original licensing order such that they do not constitute an impermissible collateral attack. *Pac. Gas & Elec. Co. v. FERC*, 464 F.3d 861, 868 (9th Cir. 2006) (holding that a court "may not entertain a petition for review that collaterally attacks a prior [Commission] order"). At their core, the Association's petitions concern its ability to intervene in licensing extension proceedings and, in the case of mandamus, the extension itself.

The Association is not entitled to mandamus relief. The writ of mandamus "is a drastic and extraordinary remedy reserved for really extraordinary causes." *United States v. Guerrero*, 693 F.3d 990, 999 (9th Cir. 2012). "The party seeking mandamus relief must establish that its right to issuance of the writ is clear and indisputable." *Cal. Power Exch. Corp. v. FERC*, 245 F.3d 1110, 1120 (9th Cir. 2001) (internal quotations omitted). We consider five factors to assess whether mandamus relief is warranted: (1) whether the petitioner has no other means to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in any way not correctable on appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order is an oft-repeated error or manifests a persistent disregard of the federal rules; and (5) whether the district court's order raises new and important problems or issues of first impression. *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 654–55 (9th Cir. 1977).

The Association has other means to obtain its desired relief: it can challenge—as it has—the denial of intervention and failure to provide notice. The Association's right to the writ is therefore not "clear and indisputable." *See Cal. Power*, 245 F.3d at 1120.

Petitions for review **DENIED**.